IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GWAN MARCHELL HARRISON,       )
                              )
       Plaintiff,             )
                              )
   v.                         )       1:20CV728
                              )
INFINITY WARD, INC.,          )
                              )
       Defendant.             )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on the Motion to Dismiss Complaint Pursuant to Rule 12(b)(6), (Doc. 9), filed by Defendant Infinity Ward, Inc.[1] ("Defendant); a Motion to Deny Defendant's Motion to Dismiss, (Doc. 13), filed by Plaintiff Gwan Marchell Harrison ("Plaintiff); and a Motion to Amend Name of Defendant, (Doc. 16), filed by Plaintiff.

For the reasons stated herein, this court will grant Plaintiff's Motion to Amend Name of Defendant, grant Defendant's Motion to Dismiss, and deny Plaintiff's Motion to Deny Defendant's Motion to Dismiss.

---

[1] Plaintiff's initial Complaint named Infinity Ward Computer Software as Defendant. (Compl. (Doc. 1) at 1.) However, because this court will grant Plaintiff's Motion to Amend Name of Defendant, (Doc. 16), this court will use the amended name when referring to Defendant. The case caption is hereby amended to reflect Infinity Ward, Inc., as Defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the compliant . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020). The facts, taken in the light most favorable to Plaintiff, are as follows.

On May 28, 2018, Plaintiff uploaded a video, "Call of Duty Black Ops 4 Rant," to YouTube ("YouTube Video"). (Complaint ("Compl." (Doc. 1) at 4.)[2] Plaintiff registered his copyright for the YouTube Video. (Doc. 15-1.) Plaintiff alleges Defendant "plagiarized and passed off valuable information as their own that led to the plot, format, and other key elements, including the reintroduction of their most notable character . . . ." (Id.) Plaintiff further alleges that he suffered harm because Defendant used Plaintiff's "intellectual properties and concepts" to create the 2019 Call of Duty Modern Warfare Reboot. (Id. at 5.)

On August 10, 2020, Plaintiff filed a Complaint against Defendant for copyright infringement. (Compl. (Doc. 1).) Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(6), (Doc. 9), and a Memorandum in Support of Motion to Dismiss ("Def.'s Br.") (Doc. 10). Plaintiff responded and simultaneously

---

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

filed a Motion to Amend Name of Defendant. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss; Mot. to Amend Name of Def. ("Pl.'s Resp. & Mot. to Amend of Def.") (Doc. 12).) As part of this motion, Plaintiff included an Amended Complaint. (Id. at 5-9.) Plaintiff filed another motion and response to Defendant's Motion to Dismiss. (Mot. to Deny Def.'s Mot. to Dismiss; Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Mot. to Deny & Resp.") (Doc. 13).) Defendant replied to Plaintiff's motions and responses. (Def.'s Reply in Supp. of its Mot. to Dismiss ("Def.'s Reply) (Doc. 14).) Plaintiff responded to Defendant's Reply. (Pl.'s Second Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Second Resp.") (Doc. 15).) Plaintiff also filed another Motion to Amend Name of Defendant, (Pl.'s Second Resp. in Opp'n to Def.'s Mot. to Dismiss; Second Mot. to Amend Name of Def. ("Second Mot. to Amend Name of Def.") (Doc. 16)), and attached an Amended Complaint, (Doc. 16-1).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must

-3-

demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556-57). When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. Id. Further, the complaint and facts alleged therein are viewed "in the light most favorable to the plaintiff." Burgess v. Goldstein, 997 F.3d 541, 562-63 (4th Cir. 2021) (citation omitted).

Nevertheless, the factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 680. A court cannot "ignore a clear failure in the pleadings to allege any facts which set forth a claim." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004). Consequently, even given the deferential standard allocated to the pleadings at the motion to dismiss stage, a court will not accept mere legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678.

### III. <u>ANALYSIS</u>

Because this court must consider a complaint's factual allegations when determining whether to grant a motion to

-4-

dismiss, Iqbal, 556 U.S. at 678, this court will first consider Plaintiff's Motion to Amend Name of Defendant, (Doc. 16).

### A. Motion to Amend Name of Defendant

Under Fed. R. Civ. P. 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend should be granted in the absence of a "declared reason such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of amendment, etc." Transylvania Cnty. v. Lincoln Gen. Ins. Co., No. 1:05cv282, 2006 WL 8455967, at *1 (W.D.N.C. Jan. 17, 2006) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted).

Here, Plaintiff attempted to amend his original Complaint, filed on August 10, 2020, with his Response and Motion to Amend Complaint, (Doc. 12), filed October 29, 2020. On December 7, 2020, Plaintiff filed another Motion to Amend Name of Defendant. (Second Mot. to Amend Name of Def. (Doc. 16).) The issue is whether "justice so requires" this court to grant Plaintiff's Motion.

Plaintiff asks this court to "amend the Defendant's name, Infinity Ward Computer Software, to INFINITY WARD, INC." (Id. at 1.) Plaintiff explains in his motion that he used Defendant's name as listed in the Woodland Hills, California Better Business Bureau. (Id.) Through Defendant's Memorandum in Support of its Motion to Dismiss, Plaintiff has become aware that Defendant's name is Infinity Ward, Inc. (Id.; Def.'s Br. (Doc. 10) at 5 n.1.) Defendant has not opposed Plaintiff's Motion to Amend.

This court finds that Defendant will not be prejudiced by correcting the name of Defendant. See Hayes v. Rule, No. 1:03CV1196, 2005 WL 8167730, at *3 (M.D.N.C. June 29, 2005) (granting a motion to amend where the plaintiff sought to add a defendant because another defendant had an ownership interest in the defendant being added, and the defendants had not opposed the plaintiff's motion to amend); Dangerfield v. WAVY Broad., LLC, 228 F. Supp. 3d 696 (E.D. Va. 2017) (allowing a party to correct "the misnomer of a party name"). There is no evidence of "undue delay, bad faith or dilatory motive" to justify denying this motion. Transylvania Cnty., 2006 WL 8455967, at *1. Therefore, this court will grant Plaintiff's Motion to Amend Name of Defendant.

B. **Motion to Dismiss for Failure to State a Claim**

Defendant argues Plaintiff's Complaint should be dismissed because (1) Plaintiff has not satisfied the registration

-6-

precondition and (2) ideas and concepts are not protected by copyright law. (Def.'s Br. (Doc. 10) at 7-10.)

    1.  **Registration Requirement**

Defendant argues Plaintiff's Complaint should be dismissed because Plaintiff "fail[s] to satisfy the registration precondition of 17 U.S.C. § 411(a)." (Id. at 7.) Plaintiff asserts he has a registered copyright for the YouTube Video. (Pl.'s Mot. to Deny & Resp. (Doc. 13 at 1.) Under federal law, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made . . . ." 17 U.S.C. § 411(a). Plaintiff has shown through an attached exhibit that he has a valid copyright to the YouTube Video and obtained that copyright prior to the start of these proceedings. (Doc. 15-1.) Therefore, Plaintiff has satisfied the registration precondition.

    2.  **Ideas and Concepts are not Protected by Copyright Law**

In addition to arguing Plaintiff fails to satisfy the registration requirement, Defendant argues Plaintiff fails to plead sufficient facts to support a claim for copyright infringement because ideas and concepts cannot form the basis of a claim for copyright infringement. (Def.'s Br. (Doc. 10) at 8-9.) Plaintiff argues the Motion to Dismiss should be denied

-7-

Case 1:20-cv-00728-WO-JLW   Document 17   Filed 09/17/21   Page 7 of 12

because Defendant used Plaintiff's "ideas and concepts," to create the 2019 Call of Duty Modern Warfare Reboot. (Pl.'s Mot. to Deny & Resp. (Doc. 13) at 6-10.)

"In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). "The most fundamental axiom of copyright law is that '[n]o author may copyright his ideas or the facts he narrates.'" Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 344-45 (1991) (quoting Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 556 (1985)). Case law interpreting the Copyright Act is clear that ideas and concepts are not protected. See Google LLC v. Oracle Am., Inc., ____ U.S. ____, ____, 141 S. Ct. 1183, 1196 (2021) (quotation omitted) ("These [§ 102(b)] limitations . . . have often led courts to say, in shorthand form, that, unlike patents, which protect novel and useful ideas, copyrights protect 'expression' but not the 'ideas' that lie behind it."); A.V. ex rel. Vanderhye v. iParadigms, LLC, 562 F.3d 630, 636-37 (4th Cir. 2009).

Here, viewing the facts in the light most favorable to Plaintiff, Defendant used Plaintiff's ideas and concepts described in the YouTube Video, which "led to the plot, format,

-8-

and other key elements" of the 2019 Call of Duty Modern Warfare Reboot. (Compl. (Doc. 1) at 4.) However, "[n]o one can own the basic idea for a story. General plot ideas are not protected by copyright law." Moore v. Lightstorm Ent., 992 F. Supp. 2d 543, 556 (D. Md. 2014). Because Plaintiff's ideas and concepts are not copyrightable, this court finds that Plaintiff did not sufficiently allege facts constituting a plausible copyright infringement claim.[3]

### 3. A Derivative Work Must be Based on a Prior Copyrightable Work

Plaintiff also appears to allege Defendant infringed Plaintiff's copyright by making a derivative work of the YouTube Video. (Pl.'s Mot. to Deny & Resp. (Doc. 13) at 9-10.) Defendant argues the Call of Duty videogame is not a derivative work of the YouTube Video because "derivative works must be 'based upon the copyrighted work' and not upon the unprotected ideas that are free for anyone to use." (Def.'s Reply (Doc. 14) at 5 (quoting 17 U.S.C. § 106).)

---

[3] Although not addressed in this opinion, this court further finds Plaintiff has not alleged plausible facts to support his conclusions. It is arguable that Plaintiff's use of the term "plot" is sufficient to allege a plausible fact; however, plot ideas are not protected. Moore, 992 F. Supp. 2d at 556. Nevertheless, "format and other key elements," (Compl. (Doc. 1) at 4), are not plausibly alleged. Alternatively, Plaintiff's Complaint is subject to dismissal for failure to plausibly allege facts to support the conclusion that Defendant has infringed any copyright.

-9-

A copyright owner has the exclusive right "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(2). However, works based on a prior idea are not derivative because ideas are not protected by copyright law. 17 U.S.C. § 102(b). "To be derivative, a work must still be 'based on' prior works, not merely incorporate some unprotectable parts from prior works." See Innovative Legal Mktg., LLC v. Mkt. Masters-Legal, 852 F. Supp. 2d 688, 699 (E.D. Va. 2012) (quoting 17 U.S.C. § 101).

Here, Plaintiff alleges Defendant created a derivative work of the YouTube Video when it based its new videogame on the "valuable information" in Plaintiff's YouTube Video. (Compl. (Doc. 1) at 4.) But Plaintiff's "valuable information" are his ideas for plot and format for future Call of Duty videogames, which are not protected by copyright law. Plaintiff's allegation that Defendant improperly used Plaintiff's idea for the "reintroduction of [Defendant's] most notable character," (id.), is an allegation that Defendant used Plaintiff's idea, which is not copyrightable. Similarly, assuming a use of Plaintiff's "format," (id.), Defendant has done nothing more than use Plaintiff's ideas and concepts. See Google, 141 S. Ct. at 1196 (noting that copyright protection cannot be extended to any idea or concept); Moore, 992 F. Supp. 2d at 556. Thus, at most, Defendant took the "unprotectable parts" of Plaintiff's YouTube

-10-

Video to inspire its videogame. Because Defendant's videogame is not a derivative work of Plaintiff's YouTube Video, this court finds Plaintiff's Complaint does not state a plausible claim for relief under copyright law.

### 4. Dismissal with Prejudice

Finally, Defendant requests dismissal with prejudice because even if Plaintiff amends his Complaint, he cannot establish a cognizable claim for relief. (Def.'s Br. (Doc. 10) at 10.) This court agrees. Ideas and concepts are not protected by copyright law. 17 U.S.C. § 102(b). Defendant is allowed to use its own characters and story to make additional games based on characters and storyline from its previous games. 17 U.S.C. § 106(2). Moreover, because ideas are not copyrightable, Defendant is allowed to use others' ideas in its videogames. Because it would be futile to allow Plaintiff to further amend his Complaint, this court will grant the Motion to Dismiss with prejudice.

## IV. CONCLUSION

For the foregoing reasons, this court finds Plaintiff's Motion to Amend Name of Defendant, (Doc. 16), should be granted; Defendant's Motion to Dismiss, (Doc. 9), should be granted; and Plaintiff's Motion to Deny Defendant's Motion to Dismiss, (Doc. 13), should be denied.

-11-

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. 9), and Plaintiff's Motion to Amend Name of Defendant, (Doc. 16), and are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deny Defendant's Motion to Dismiss, (Doc. 13), is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

A judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 17th day of September, 2021.

_____
United States District Judge